IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14–06–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| CHARLES DOUGLAS MYERS, | |
| Defendant. | |

Before the Court is the parties' Joint Motion to Correct Judgment. (Doc. 61.) On March 12, 2021, following Defendant Charles Douglas Myers' second revocation proceeding, this Court imposed a judgment of 24 months imprisonment to be followed by 12 months supervised release. (Doc. 59 at 2–3.) The parties maintain that, in light of *United States v. Knight*, 580 F.3d 933 (9th Cir. 2009), Mr. Myers is only eligible for 6 months of supervised release. (Doc. 61 at 3.) The Court agrees and will issue an amended judgment.

Under 18 U.S.C. § 3583(h), if this Court imposes a term of imprisonment following the revocation of a defendant's term of supervised release, it "may include a requirement that the defendant be placed on a term of supervised release after imprisonment." The maximum length of this term, however, "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment

1

that was imposed upon revocation of supervised release." *Id.*

*Knight* interprets the foregoing language to mean that when a district court imposes a new term of supervised release following a revocation, such term "must be reduced by the aggregate length of any and all terms of imprisonment that have been imposed upon revocation of supervised release." 580 F.3d 933, 940. This "aggregate length" includes not only the length of any prior terms of imprisonment imposed in prior revocation proceedings but also any term of imprisonment imposed in the instant revocation proceeding. *Id.*

Applying *Knight* to this case, the Court agrees that it cannot impose a term of supervised release exceeding 6 months. Mr. Myers pled guilty to being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. 18.) This is a Class C Felony for which "the [maximum] term of supervised release authorized by statute" is 36 months. 18 U.S.C. § 3583(b)(2), (h). At sentencing, Mr. Myers' received 57 months imprisonment followed by 36 months of supervised release. (Doc. 22 at 2–3.) Mr. Myers began serving this term of supervised release on August 28, 2019. (Doc. 30.)

In July 2020, the Court conducted its first revocation hearing as to Mr. Myers, and, after revoking his term of supervised release, imposed a sentence of 6 months imprisonment to be followed by 30 months supervised release. (Doc. 40 at 2–3.) Mr. Myers served this term of imprisonment and began to serve his new

term of supervised release on December 11, 2020. (Doc. 55 at 2.) As noted above, on March 12, 2020, the Court conducted a second revocation hearing in this matter, and, after revoking his second term of supervised release, imposed a sentence of 24 months imprisonment to be followed by 12 months supervised release.

To summarize, prior to the second revocation hearing Mr. Myers had already received 6 months imprisonment through revocation proceedings. At the second revocation hearing, the Court imposed an additional term of 24 months imprisonment, for a total of 30 months imprisonment imposed through the totality of revocation proceedings. Accordingly, under *Knight*, to calculate the maximum term of supervised release available to the Court during the second revocation proceeding, the starting point is 36 months—the maximum term of supervised release available for the original offense. The Court then subtracts the aggregate term of supervised release imposed during revocation proceedings—30 months—for a maximum available supervised release term of 6 months.

Accordingly, IT IS ORDERED that the motion (Doc. 61) is GRANTED. The Court will issue an amended judgment in due course.

DATED this 22nd day of March, 2021.

_____
Dana L. Christensen, District Judge
United States District Court